IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 18 CV 50169 |
| | ) | |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Sabastian Patterson, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

For the following reasons, defendant's 28 U.S.C. § 2255 motion [1] is denied. The court declines to issue a certificate of appealability. This matter is terminated.

**STATEMENT-OPINION**

On May 22, 2018, defendant Sebastian Patterson filed a 28 U.S.C. § 2255 motion challenging his sentence. *See* [1]. The government filed a response to the motion on July 25, 2018 [4], and defendant filed a reply on September 17, 2018 [5]. This motion is now ripe for the court's review.

**Background**

On May 11, 2016, defendant entered a plea of guilty to one count of possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). On August 30, 2016, the court entered judgment against defendant for the offense and sentenced defendant to a term of 120 months in the Bureau of Prisons. (*See* case no. 15 CR 50021, Dkt. [40].) Defendant was found guilty of possessing a .45 caliber pistol following a traffic stop in Rockford, Illinois, on January 17, 2015. At the time, of defendant's arrest, he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

The plea agreement entered in to by the government and defendant advised defendant's base offense level a 24, pursuant to United States Sentencing Guidelines ("guideline" or "U.S.S.G.") § 2K2.1(a)(2) because defendant committed the offense after sustaining at least two prior felony convictions of a crime of violence or a controlled substance offense. The government argued for a two-level enhancement under U.S.S.G. § 3C1.1 due to defendant's willful attempt to obstruct or impede the administration of justice with respect to the investigation and prosecution of the instant offense. Therefore, the government took the position that defendant's offense level was a 26 with a criminal history category of V.[1] This produced a sentencing guidelines range of 110 to 120 months' imprisonment. Defendant acknowledged that the government's position regarding the guidelines range calculation was preliminary in nature and non-binding. Defendant further understood that the court was not bound by the plea agreement, it determined the facts and law relevant to sentencing, and its

---

[1] The government also agreed that while it would argue defendant had *not* accepted responsibility for his offense, if the court found he had accepted responsibility pursuant to § 3E1.1(a), a two-level reduction in defendant's offense level would apply; and an additional one-level reduction under § 3E1.1(b) if defendant's offense level was 16 or higher.

determinations governed the final guideline calculation. The plea agreement also recognized that each party was free to recommend any sentence.[2]

At defendant's change of plea hearing on May 11, 2016, defendant advised the court he had sufficient time to discuss the plea with his attorney, discussed any defenses and whether he should plead guilty, was satisfied with his counsel, and discussed the superseding indictment with her – advising the court "I understand everything, sir." The court then discussed the plea agreement with defendant and defendant acknowledged he reviewed it with his counsel and understood it. The following colloquy then took place:

> "The court: …if you plead guilty today and if I accept that plea of guilty, you're not allowed to withdraw the plea of guilty, and just because you may disagree later with some recommendation that the government makes or that I don't follow the recommendation of the government as to sentence or I don't follow the recommendation of your lawyer as to sentence, and the same is true as to my determinations, that's all up to me. So, you can't withdraw the plea of guilty just because I might make a finding different than that which is recommended. You can't withdraw the plea. Do you understand that?
>
> Defendant Patterson: Yes, sir."

The court also advised defendant of the maximum sentence (10 years), the right to a jury trial, and the procedures of a sentencing hearing – including the fact that the government and defendant's attorney would make recommendations as to sentencing, but that ultimately the sentence would be up to the court to decide. Defendant acknowledged to the court he understood his rights as well as the court's discretion regarding sentencing.

At the sentencing hearing, a special agent with the Bureau of Alcohol, Tobacco & Firearms testified to the facts supporting the government's request for the two-level enhancement under U.S.S.G. § 2C1.1 – obstructing or impeding the administration of justice. The agent testified to several jail calls between defendant and his mother and aunt. Counsel for defendant was given the opportunity to cross examine the special agent. After hearing the testimony as well as arguments from both the government and defendant's attorney, the court found by a preponderance of the evidence that defendant suborned perjury by devising a plan to have his mother and aunt testify falsely before the grand jury regarding ownership and location of the firearm defendant was charged with possessing.

The court then found defendant's applicable base offense level to be 24 pursuant to U.S.S.G. § 2K2.1(a)(2). The court applied a two-level enhancement under § 3C1.1, obstructing or impeding the administration of justice. Finding defendant had not accepted responsibility for his offense considering the obstruction, and finding no "extraordinary circumstances," the court declined to give the defendant the two or three-level reduction pursuant to § 3E1.1. The court found an offense level of 26 and a criminal history category of V. Defendant's sentencing range, therefore, was 110 to 137 months' incarceration. However, as the statutory maximum for possession of a firearm as a felon is 120 months, the court found the actual sentencing range to be 110 to 120 months' incarceration (as noted in the plea agreement).

Defendant appealed his sentence to the United States Court of Appeals for the Seventh Circuit. Defendant's appellate counsel presented an argument that the court's imposition of a $200 fine was

---

[2] Defendant acknowledged he read the plea agreement, carefully reviewed the provisions with his attorney, understood and voluntarily accepted each condition of the agreement. Defendant signed the agreement.

without sufficient explanation or justification. Defendant, *pro se*, supplemented the appellate brief with arguments that the court erred in the calculation of defendant's criminal history category, in applying the two-level enhancement for the obstruction of justice finding, and in refusing to apply a reduction in sentence for acceptance of responsibility. On October 18, 2017, the Seventh Circuit affirmed the court's sentence finding that the court was justified in imposing the $200 fine. The appeals court also stated it had "considered Patterson's remaining arguments and conclude[d] that they lack merit." *See United States v. Patterson*, 698 Fed. App'x. 840 (7th Cir. 2017).

Defendant filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on May 22, 2018. In his motion, defendant argues (1) his trial counsel was ineffective with regard to the plea agreement, negotiations and advice as to his plea of guilty; and (2) his trial counsel and appellate counsel were ineffective in failing to challenge defendant's base level offense of 24 pursuant to U.S.S.G. § 2K2.1(a)(2), specifically referring to his prior Illinois conviction for delivery of a controlled substance within 1000' of a school under 720 ILCS 570/407(b)(1).

**Analysis**

The Seventh Circuit has held that "[t]o be successful on an ineffective assistance claim, [the defendant] must: 1) show that his attorney's performance fell below an objective standard of reasonableness under prevailing professional norms; and 2) demonstrate a reasonable probability that this deficient performance affected the result of the trial." *Hardamon v. United States*, 319 F.3d 943, 948 (7th Cir. 2003). *See also Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "During plea negotiations defendants are entitled to the effective assistance of competent counsel." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (citation and quotation omitted). Thus, a plea "cannot be knowing and voluntary if it resulted from ineffective assistance of counsel." *Hurlow v. United States*, 726 F.3d 958, 967 (7th Cir. 2013). "The proper measure of attorney performance [is] simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688.

First, defendant argues his trial counsel was ineffective during his plea negotiations with regards to the plea agreement and the advice she provided. Specifically, he argues his attorney advised him the obstruction of justice enhancement would not apply to him, he would receive the two-level reduction for acceptance of responsibility, and therefore his sentencing guideline range would be 70-87 months of imprisonment. However, defendant's arguments at this stage are belied by the plea agreement he entered in to as well as his participation at his change of plea hearing. As noted above, at the time of plea, defendant was well-aware that the government was pursuing the two-level enhancement under U.S.S.G. § 3C1.1 due to his willful attempt to obstruct or impede the administration of justice based on his jail calls to his mother and aunt which promoted their untruthful testimony before the grand jury. This was also a significant part of the government's evidence at defendant's sentencing hearing. There, defendant's counsel attempted to defend him in cross-examination of the government's special agent witness. Likewise, the plea agreement made clear the government was not prepared to recommend a two or three-level reduction for acceptance of responsibility due to the obstruction of justice enhancement. The obstruction enhancement together with the lack of reduction provided for the sentencing range of 110 to 120 months' imprisonment – precisely what the plea agreement advised defendant. Not surprisingly, this is what the government recommended at defendant's sentencing hearing. Additionally, it was made clear to defendant both through the plea agreement as well as at the change of plea hearing that the court would make the final determination - that the recommendations of the government and the defense were not binding on the court – and that defendant would not be able to withdraw his plea in the event he disagreed with the court's sentence. The record is clear that defendant was armed with all the relevant information regarding the plea agreement and the possible consequences, that he was aware of these consequences and agreed, knowingly, to enter in to the agreement. There is nothing to suggest defense counsel was deficient in her representation of defendant during the plea process. "Because many questions about the

3

facts and how a court…will apply the law to those facts cannot be answered by counsel with certitude, waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts." *Bethel v. United States*, 458 F.3d 711, 717 (7th Cir. 2006) (citations omitted).

Defendant also fails to meet the second prong of the *Strickland* test – prejudice. To prove the prejudice prong, defendant must show that his attorney's deficiencies were a decisive factor in his decision to plead guilty. *United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999). As noted, defendant was informed from the signing of the plea agreement the government's position as to his offense level and sentencing range. Even if defense counsel told defendant she believed his sentencing range would be 70-87 months (based on no enhancement for obstruction and reduction for acceptance of responsibility), he was advised multiple times that he could not rely on any recommendation to the court. Defendant's argument he would have gone to trial but for his attorney's representations is unavailing. Like *Bethel*, when defendant advised the court he understood his plea of guilty was not in reliance on a particular sentence, "[h]e cannot now be heard to complain that he would not have pled guilty if he had known his sentence would be more severe than his lawyer predicted. He specifically disclaimed that risk at his change of plea hearing [and] a mere allegation by the defendant that he would have insisted on going to trial is not sufficient to establish prejudice." *Id*. at 718. Thus, the court is unpersuaded that defendant's counsel was ineffective during defendant's plea process.

Next, defendant argues his trial counsel and appellate counsel were ineffective in failing to challenge defendant's base level offense of 24 pursuant to U.S.S.G. § 2K2.1(a)(2), specifically referring to his prior Illinois conviction for delivery of a controlled substance within 1000' of a school under 720 ILCS 570/407(b)(1).[3] Defendant argues this prior conviction fails to categorically qualify as a "controlled substance offense" because "deliver" or "delivery" under Illinois law is broader than the federal definition. Therefore. the determination of his base offense level of 24 under U.S.S.G. § 2K2.1 was erroneous (and his trial and appellate counsel were ineffective for failing to challenge).

However, as noted by the government in its response brief, this argument has been addressed by the Seventh Circuit and found to be frivolous. Distinguishing a Tenth Circuit case with a similar fact pattern (and relied on here by defendant), *United States v. Redden* holds that

> "'deliver' and 'delivery' mean an 'actual, constructive or attempted transfer.' 720 ILCS 570/102(h). Any conduct meeting the state's definition of 'delivery' comes within § 4B1.2(b) [definition of "controlled substance offense"] because 'transfer' is just another word for distribute or dispense. Because Illinois law lacks the feature that made possible a substantive conviction [in the Tenth Circuit] without meeting the requirements of § 4B1.2(b), it would be frivolous for counsel to argue that Redden is not a career offender."

*United States v. Redden*, 875 F.3d 374, 375 (7th Cir. 2017). Defendant cannot meet the performance or prejudice prongs of *Strickland* with his argument that his trial and appellate counsel were ineffective for failing to contest his base level offense based on his prior controlled substance conviction. "[A]n attorney is not ineffective for failing to raise a meritless argument." *Washington v. Boughton*, 884 F.3d 692, 701 (7th Cir. 2018) (citing *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996)).

For the above stated reasons, the court denies defendant's motion pursuant to 28 U.S.C. § 2255 and finds there is no basis for an evidentiary hearing.

---

[3] Defendant was found guilty pursuant to 720 ILCS 570/407(b)(1) in 2009. Under a 2018 amendment to the statute, it is now an offense to deliver a controlled substance within 500' of a school.

**Certificate of Appealability**

Finally, pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings For the United States District Courts, the court declines to issue a certificate of appealability. A certificate may issue only if defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court finds that while defendant has attempted to raise constitutional claims through his motion for relief under § 2255, his claims are without merit and the court does not find that "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (quotations omitted). As such, the court declines to issue a certificate of appealability. This matter is terminated.

Date: 09/28/2018                                ENTER:

                                                *Philip G. Reinhard*
                                                United States District Court Judge


                                                Notices mailed by Judicial Staff. (LC)